MASSEY (ALLEN v.).   See Case No. 231.

---

## Case No. 9,262.

### MASSEY v. SCHOTT et al.

[1 Pet. C. C. 132.][1]

Circuit Court, D. Pennsylvania. April Term, 1815.

DEBT—BOND—DOUBLE PAYMENT—VOLUNTARY PAYMENT.

1. In an action of debt on a bond, with a collateral condition, nothing can be recovered, but

[1] [Reported by Richard Peters, Jr., Esq.]

16FED.CAS.—68

what the obligee is entitled to, upon a breach of the condition.

[See Bank of Mount Pleasant v. Sprigg, Case No. 891.]

2. One of the partners of a mercantile house, in Liverpool, having been arrested for a debt due by them, in the city of Philadelphia, paid the same; and took from the defendants a bond, in the condition to which, it was stipulated, that the obligors had agreed to indemnify him, against a double payment of the sum paid, should the house be obliged, by compulsion of law to make the same. The plaintiff's house in Liverpool having been called upon by two persons claiming the same money and suits having been instituted in England for the same; not having notice of the payment made by the partner here, and desirous to avoid the expenses of litigation; filed a bill of interpleader in the court of chancery, praying to be allowed to pay the amount claimed from them, in the two suits, into court; which was done, by permission of the lord chancellor. This was a voluntary payment, and the condition of the bond does not protect the plaintiffs from the loss sustained thereby.

The parties having entered into a written agreement, to waive all manner of form in the pleadings, and to try the cause on the merits, the case appeared to be as follows, viz:

In the year 1808 or 1809, the house of Pearson, Hodgson and Massey of Liverpool, of which the plaintiff was a member, became indebted to Nathan Davidson of Philadelphia, in the sum of about six thousand four hundred dollars; for the balance of the proceeds of a cargo of cotton, which had been shipped to them. In July, 1809, Davidson became insolvent, and assigned over his estate, to the defendants, for the benefit of his creditors. On the 16th November, 1809, Davidson, and on the 17th of the same month, the defendants, wrote to the house of Pearson, Hodgson and Massey, and directed them to pay over the balance of the funds in their hands, to William and John Bell and Co. of London. Soon after these orders were given, the defendants, as assignees of Davidson, empowered S. Potter of London, to collect the said balance for their use. The Bells, in consequence of the first orders in their favour, instituted a suit in the high court of chancery, in England, against Pearson, Hodgson and Massey, to recover the said balance. Pending that suit, Massey, one of the partners, came to Philadelphia, and was arrested at the suit of the defendants, in order to recover the aforesaid balance; and he, Massey, "in order to release himself from the arrest, and at the same time, to secure himself against a double payment of the said claim, which might take place, if his said house in England should have been compelled by course of law, to pay the demand, made on them by said William and John Bell and Co.; or by having paid or secured to the said Potter, or to any other person, on behalf of the said Davidson, or his assignees, in any manner whatsoever, prior to the date of the bond, hereafter mentioned; or before any countermand, to be given by the said assignees of such payment, shall have reached

the said Pearson, Hodgson and Massey, in England;" paid to the defendants, the sum of seven thousand nine hundred and sixty-seven dollars and seventy-six cents; the balance supposed to be due; and the defendants entered into a bond, in which all the above circumstances are fully recited, and the parts marked as a quotation, are literally copied from the recital. Then follows the condition; which obliges the defendants to discontinue their suit against Massey; to use their best endeavours to procure a discontinuance of any suits, that have been, or might be brought against Pearson, Hodgson and Massey, in consequence of any orders of the said Davidson, before his assignment, or of the defendants afterwards, by the said W. and J. Bell and Co., or any other person, for the recovery of the said balance; and also, to save harmless, and indemnify the said Pearson, Hodgson and Massey, or either of them, against any loss, injury, or damage, they may, by compulsion of the law, have sustained, or may sustain; by reason of any payment, in consequence of any suit brought in England, or elsewhere, against them or either of them, by virtue of any order given by said Davidson, previous to his said assignment, or by the defendants, since the said assignment, or in consequence of any foreign attachment, levied in their hands, by any creditor of Davidson, for the recovery of the said balance; and also save harmless, and indemnify the said Pearson, Hodgson and Massey, and every of them, against all charges, injuries, losses and damages they may sustain, by reason of a double payment, of the said balance as aforesaid, or any part thereof. There is then a proviso; that the defendants should not, in any event, be liable, by virtue of this obligation, to pay any larger sum, than was received by them from Massey; and that all costs heretofore incurred in England, by reason of Pearson, Hodgson and Massey's non-compliance with the order of Davidson, and of the defendants as aforesaid, should be paid by Pearson, Hodgson and Massey; not extending, however, to more than the costs of one suit, if they should have been prosecuted on two contending claims; and that all legal costs, that should be incurred after the date of the said bond, should be borne by the defendants.

This bond was dated the 27th July, 1810; the bill in equity, against Pearson, Hodgson and Massey, by the Bells, was filed in November, 1809. On the 10th August, 1810, Pearson, Hodgson and Massey, filed in the same court, a bill of interpleader against the Bells; against Little and Wotherspoon, who also demanded the balance; but who, in their answer to this demand disclaimed; against Potter, Davidson, and his assignees; and prayed an order, to enable them to pay into the Bank of England, the balance acknowledged by them to be due to Davidson. On the same day the order was made; and on the 17th of the same month, Pearson,

Hodgson and Massey, paid into the bank, to the credit of the accountant of the court, fourteen hundred and forty-three pounds, seven shillings, equal to six thousand four hundred dollars.

The questions were: First, whether the plaintiff, having paid to the defendants, about fifteen hundred dollars more than the house of Pearson, Hodgson and Massey acknowledge to have been due; should be at liberty, in this suit, to establish that fact, and to recover it back. Secondly, whether the plaintiff is entitled to recover any money in this action. The first question arose in the progress of the cause, upon the plaintiff offering to prove the overpayment; the second, upon a motion to nonsuit the plaintiff.

M. Levy and R. Peters, Jr., for plaintiff.
Sergeant & Todd, for defendants.

WASHINGTON, Circuit Justice (charging jury). This is an action of debt, brought upon a bond, with a collateral condition; and therefore the plaintiff cannot recover any thing, but what he is entitled to, upon a breach of that condition. The condition is; that the defendants should discontinue their suit against the plaintiff; should endeavour to obtain a discontinuance of any suits in England, against Pearson, Hodgson and Massey, in consequence of any orders of Davidson, or of the defendants; to indemnify said Pearson, Hodgson and Massey, and every of them, against any damages they might sustain by legal compulsion, in consequence of any suit brought in England, or elsewhere, against them, by virtue of any order given by Davidson, or by the defendants, or in consequence of any foreign attachment, levied in their hands, by any creditor of Davidson; and to indemnify them against all damages they might sustain, by reason of a double payment of the balance. It is admitted, that there has been no breach of the two first parts of the condition; nor has any attachment been levied; neither was the over payment made on the 27th July, 1810, by compulsion of law, in consequence of any suit brought against Pearson, Hodgson and Massey, or by virtue of any order, given by Davidson, or the defendants; nor was such over payment a double payment, that being the first payment, and the payment into the banks doubled it, so far as it went. But, as to the difference between the sum paid on the 27th July, 1810, and that paid on the 17th August, into the bank; there has never been any double payment of that sum, and of course, it cannot come under the last clause of the condition. The plaintiff, if he inadvertently paid to the defendants more than his house owed, may recover it back, in an action for money had and received, but not in this action.

As to the second question, it is the opinion of the court, that the action cannot be maintained. The recitals in the condition of the

bond, express in most intelligible language, the intention of the parties. The defendants, having arrested the plaintiff in this country, for the balance due to them, by his house, and held him to bail, had obtained a security, which they were only induced to relinquish, upon receiving payment of what was supposed to be due. But, as it was possible, the house of Pearson, Hodgson and Massey, might be compelled, by legal process, to pay the same money again, to the Bells, or to some other person; or, that they might have paid, or before they could have notice of the settlement in Philadelphia, might pay, voluntarily, that balance, upon orders drawn by Davidson, or by the assignees: it was but just, that the defendants should indemnify those persons against a double payment, made under any of those circumstances. That this was the design of the parties, is clear, from the recitals; and the condition is precisely accommodated to that intention. The recital, as to the compulsory payment, states that the defendants had agreed to secure Pearson, Hodgson and Massey, against the event of a double payment of the said claim; which might take place, if they should have been compelled, by course of law, to pay the demand made on them by the Bells. In execution of this agreement, the defendants oblige themselves, to indemnify the said Pearson, Hodgson and Massey, against any damage they may, by compulsion of law, sustain, by reason of any payment, in consequence of any suit brought against them; by virtue of any order given by Davidson, or by the defendants. But the payment made into the bank, was not made by compulsion, or in consequence of any suit brought against Pearson, Hodgson and Massey; but it was made, under an order, obtained upon the prayer of Pearson, Hodgson and Massey, and in a suit in which they were complainants, not defendants. This proceeding was a violation, not only of the words, but of the intention of the parties. The defendants did not admit the claim of the Bells, but on the contrary, obliged themselves, to endeavour to have it discontinued; and that the cause might be defended, they bound themselves from the date of the bond, to pay the costs. Had Massey himself filed the bill of interpleader, and prayed to be permitted to pay the money into the bank, it would have been a gross fraud; in as much, as he would have attempted to deprive the defendants of the security they had obtained by his arrest, and then, by a voluntary abandonment of the cause of the defendants, and a payment of the money, to compel the defendants to restore the security, which they had taken, in lieu of the person of Massey. But although this case is clear of fraud, the payment in England having taken place, in about twenty days after the compromise was made in Philadelphia; still, it cannot for a moment be contended, that a payment made upon the prayer of Pearson, Hodgson and Massey, and in a suit brought by them, was a payment made by compulsion of law, in a suit brought against them.

As to any voluntary payment, which Pearson, Hodgson and Massey might have made, before the date of the bond; or might make, before any countermand, to be given by the defendants, of such payment, should reach Pearson, Hodgson and Massey in England; the recital states an agreement by the defendants, to indemnify Pearson, Hodgson and Massey, against any payment made to Potter, or to any other person, on behalf of Davidson, or his assignees, in any manner, before those periods. Then comes the condition intended to fulfil the agreement, and it stipulates, to indemnify the said Pearson, Hodgson and Massey from all damages, which they might sustain, by reason of a double payment of said balance as aforesaid. These words, "as aforesaid," clearly refer to the double payment, mentioned in the recital; that is, a payment made to Potter, or to any other person, on behalf of the said Davidson, or his assignees. But the payment in England, for which this suit is brought, was not made to Potter, or to any other person, on behalf of Davidson or the assignees. Persons claiming on behalf of Davidson or the assignees, could never be persons claiming adversely to them; but it is most obvious, that persons claiming for their benefit were intended. It is impossible, that the Bells, the only defendants to the bill of interpleader, who claimed adversely to Davidson, or to his assignees, could be intended; because, in the same sentence, but a line or two preceding these expressions, payment by compulsion of law, is expressly referred to the Bells by name. It would then have been absurd, immediately afterwards to permit a voluntary payment to them. It is of no consequence indeed, whether the words "as aforesaid," refer to the payments mentioned in the recital, or the words "said balance;" because, if they were omitted altogether, the meaning of this part of the condition, is ascertained by the obvious meaning of the recital; both of which refer to voluntary payments. That the words "his assignees," in the condition, mean the defendants, and not the Bells, or any other, to whom Davidson had given an order to receive the money, is obvious; not only from the preceding words, which in reference to the Bells, speak of a compulsory payment, and consequently, the order of Davidson in their favour, could not be on his behalf; but, because the defendants are immediately afterwards described in the same words, viz. "the said assignees."

For these reasons, it seems clear that the plaintiff cannot recover in this action.

The plaintiff suffered a nonsuit.